UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


FRANCISCO VARELA,

        Petitioner,

v.                                  CASE NO. 6:05-cv-225-Orl-31KRS

FL ATTORNEY GENERAL, et al.,

        Respondents.

_____

## **ORDER**

      This case is before the Court on Petitioner's second amended petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 10).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus (Doc. No. 13), arguing that the instant petition was untimely.  The Court entered an Order on June 15, 2005 (Doc. No. 15), finding that the petition was timely and requiring Respondents to file an amended response. Respondents then filed an amended response (Doc. No. 24), and Petitioner filed a reply (Doc. No. 25) and a supplemental reply (Doc. No. 32).

      Petitioner alleges four claims for relief in his habeas petition:  first, that he received ineffective assistance of counsel because counsel failed to challenge a prospective juror; second, that he received ineffective assistance of counsel because counsel misled him with regard to the consequences associated with testifying at trial; third, that he received ineffective assistance of counsel because counsel failed to investigate certain witnesses; and fourth, that the prosecutor

committed error with regard to the charging dates in the information by alleging dates that extended

beyond the victim's eighteenth birthday.

**Procedural History**

The procedural history of this case is set forth in the Court's Order of June 15, 2005 (Doc.

No. 15) and is incorporated herein.

**Claims One through Three**

A.       *Section 2254(d) Precludes Relief In This Case As to Claims One through Three*

Section 2254(d) provides as follows:

(d)      An application for a writ of habeas corpus on behalf of a person in custody
         pursuant to the judgment of a State court shall not be granted with respect to
         any claim that was adjudicated on the merits in State court proceedings unless
         the adjudication of the claim–

         (1)      resulted in a decision that was contrary to, or involved an
                  unreasonable application of, clearly established Federal law, as
                  determined by the Supreme Court of the United States; or

         (2)      resulted in a decision that was based on an unreasonable
                  determination of the facts in light of the evidence presented in the
                  State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th

Cir.), *cert. denied*, 534 U.S. 1046 (2001),

Under the "contrary to" clause, a federal court may grant the writ if the state court
arrives at a conclusion opposite to that reached by [the Supreme Court] on a question
of law or if the state court decides a case differently than [the Supreme Court] has on
a set of materially indistinguishable facts.  Under the `unreasonable application'
clause, a federal habeas court may grant the writ if the state court identifies the
correct governing legal principle from [the Supreme Court's] decisions but
unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief

is appropriate only if that application was "objectively unreasonable." *Id.* Additionally, a determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id.* at 835-36; 28 U.S.C. § 2254(e)(1).

Claims one through three were raised in Petitioner's motion for postconviction relief, and the trial court denied them on the merits. The state appellate court affirmed the denial. The Court finds that claims one through three must be denied under section 2254(d).

B.    *Governing Law*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

The trial court utilized the standard set forth in *Strickland* in assessing Petitioner's claims. It is well established that *Strickland* is the controlling legal authority to be applied to ineffective assistance of counsel claims. *See Wellington v. Moore*, 314 F.3d 1251, 1260 (11th Cir. 2002).

C.    *Claim One*

Petitioner avers that counsel failed to move to strike juror Armstrong for cause. During jury selection, the jurors were asked whether Petitioner should be held to a "higher degree" because he

was a police officer.  (Transcript of Trial at 55.)  Juror Armstrong stated that "I wouldn't necessarily

hold it against him as a police officer, but in the back of [my] mind I would think a police officer

would certainly know better than to do something like that, and that might prejudice my opinion of

the case, yes."  *Id*.  Petitioner argues that juror Armstrong was unable to review Petitioner's case

fairly.

However, the record reflects that, after making the above-noted statement, juror Armstrong

indicated that police officers are "just like any other human being"; that police officers are prone to

the same type of mistakes as other human beings; and that he could keep that in mind while listening

to the evidence in the case.    *Id*.   These later statements reflect an ability on the part of juror

Armstrong to review Petitioner's case objectively and impartially.  Certainly, there was no clear basis

to support a motion for removal of this juror, and there is no indication that prejudice resulted from

his participation as a juror in the case.

D.    *Claim Two*

Petitioner contends that he expressed to his counsel an interest in testifying at trial; but,

according to Petitioner, counsel erroneously informed him that, by testifying, 1) Petitioner would

waive the right to appeal the denial of his motion to suppress, and 2) Petitioner would give up his

right to present both opening and closing arguments.

A defendant in a criminal trial has a constitutional right to testify on her own behalf.  *Rock

v. Arkansas*, 483 U.S. 44, 51-53 (1987).  In the present case, Petitioner has failed to show prejudice

from the alleged deficient performance of his counsel.

Although Petitioner does not specify the substance of his proposed testimony, in his Rule

3.850 motion, he indicated that he would have testified, among other matters, that the victim

behaved possessively and vindictively and that he did not force the victim to perform "sexual favors."

However, Petitioner fails to show the manner in which his testimony would have affected the outcome of his trial. His testimony would not have controverted the fact that the victim was sixteen years old at the time of the crime.[1] Thus, he has not satisfied the *Strickland* prejudice requirement. *See Gregory v. United States*, 109 F. Supp. 2d 441, 449 (E.D. Va. 2000) (the petitioner's failure to demonstrate how his testimony would have affected the outcome of the trial or even to indicate what his testimony would have been had he taken the stand was insufficient to satisfy the *Strickland* prejudice requirement), *judgment affirmed*, 2002 WL 229401 (4th Cir. February 15, 2002).

Moreover, there was overwhelming evidence presented with regard to Petitioner's guilt. For example, Petitioner made a statement to a detective in which he admitted having sex with the victim when she sixteen, and the statement was introduced at trial. (Transcript of Trial at 148-60.) In addition, the victim testified in detail as to the crime. Consequently, it is difficult for the Court to conceive of anything Petitioner could have said that would have provided any reasonable possibility of a different outcome. *See Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) (holding that in light of "the overwhelming evidence of Sayre's guilt, we cannot conceive of anything Sayre could have said that would have provided any reasonable possibility of a different outcome.").

E.    *Claim Three*

According to Petitioner, counsel was ineffective for failing to investigate, interview, and subpoena certain witnesses. He acknowledges that counsel explained to him that several of the

---

[1]The Court notes that the victim's consent and prior sexual behavior would not have been relevant.

witnesses worked with Petitioner and would have lacked credibility.

It has been held that "evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted).  Hence, the "petitioner must first make a sufficient factual showing, substantiating the proposed witness testimony." *Percival v. Marshall*, No. C-93-20068 RPA, 1996 WL 107279, at *3 (N.D. Cal. March 7, 1996) (citation omitted), *affirmed*, No. 96-15724, 1997 WL 31219 (9th Cir. January 23, 1997).  "Such evidence might be sworn affidavits or depositions from the potential witnesses stating to what they would have testified.  The rule is that `mere conclusory allegations' are insufficient." *Id.*  Petitioner has failed to present evidence of actual testimony or any affidavit of alleged testimony.  Petitioner has not made the requisite factual showing, and his self-serving speculation will not sustain a claim of ineffective assistance of counsel.

Moreover, "[t]he decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony.  The witness may not testify as anticipated, or the witness's demeanor or character may impress the jury unfavorably and taint the jury's perception of the accused; or the testimony, though sympathetic, may prompt jurors to draw inferences unfavorable to the accused." *Lema v. United States,* 987 F.2d 48, 54 (1st Cir. 1993) (citations omitted).  Petitioner has failed to advance a persuasive argument that trial counsel's decision not to investigate or call these witnesses was unreasonable or that this decision can be construed as conduct outside the wide range of professional representation.  "Reasonably competent trial counsel might well have determined that the best prospect for acquittal lay in discrediting the

government's witnesses, rather than presenting additional testimony which could appear to legitimate the government's case or raise questions about the defense not previously suggested by the government's evidence." *Id.* at 54. In view of the tactical risks and Petitioner's failure to demonstrate that their testimony would have benefitted his case, the failure to investigate and to present these witnesses did not amount to ineffective assistance of counsel.

*F.      Conclusion*

In the present case, the Court finds that, with regard to claims one through three, trial counsel's conduct was reasonable and/or that Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision with regard to these claims was either "contrary to" or an "unreasonable application of" *Strickland*. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented.

**Claim Four**

Petitioner argues that the prosecutor committed error with regard to the charging dates in the information by alleging dates that extended beyond the victim's eighteenth birthday.

This claim was raised in Petitioner's Rule 3.850 motion, and the trial court found that it was procedurally barred. The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[2] or (2) are not exhausted but would clearly be barred if returned to state court.[3] Thus, "[f]ederal

---

[2]*Harris v. Reed*, 489 U.S. 255, 261 (1989).

[3]*See*, *e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there

courts are precluded from addressing claims that have been held to be procedurally defaulted under state law.  In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ."  *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[4]

Petitioner's claim is procedurally barred because the trial court so determined in its order denying Petitioner's motion for postconviction relief, and the state appellate court affirmed *per curiam*.[5]  The denial on procedural bar grounds was a correct application of Florida law.

There are two exceptions to the procedural default bar.  The first is the "cause and prejudice" exception;[6] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances.  *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default.  Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent

---

is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

[4]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court.  *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

[5]A *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts.  *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990).

[6]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice.")*; see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

exception.  The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, claim four is procedurally barred.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Francisco Varela is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 6th day of April, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 4/6
Counsel of Record
Francisco Varela

9